UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        No. 2:06-cr-00200-MCE

    Plaintiff,

    v.                            ORDER

CHRISTOPHER M. CRAIG, et al.

    Defendants.

----oo0oo----

On November 26, 2008, Defendant Christopher M. Craig filed a Request for Modification or Termination of Restitution with this Court. The Government Opposed that Request on December 12, 2008.

///
///
///
///
///
///
///
///

1

Defendant argues that payment of restitution, per the terms of his plea agreement and his criminal sentence, is improper because he had previously entered a separate civil Stipulation For Entry of Judgment in which the victim's insurer agreed to waive its right to restitution in the instant criminal proceedings. However, there is no evidence in the record to indicate that all conditions precedent to the victim's "waiver" of its right to restitution have occurred.[1] Accordingly, Defendant's Motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: April 29, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The Court is cognizant that, in the Ninth Circuit, a victim has no "pre-existing 'right' to receive restitution...that it could assert or waive." United States v. Cloud, 872 F.2d 846, 854 (9th Cir. 1989). However, the Ninth Circuit did not "mean to imply that [a victim]...may obtain a double recovery for injuries resulting from the relevant criminal offense. Id. at 854, n.10. Thus, "[d]istrict courts can factor into their sentencing decisions the existence of settlement agreements between the defendants and any victims of the offense. In fact...the district court arguably is required by sections 3663(e)(1) and (2) to consider such agreements." Id.